Kevin P. Roddy, CA State Bar No. 128283
  kroddy@wilentz.com
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, New Jersey 07095
Tel: (732) 855-6402

KIMBERLY BECK (Admission Pro Hac Vice)
BECK LAW CENTER
201 E. 5th Street, Suite 1900
Cincinnati, OH 45202
Tel: (888) 434-2912
E-mail: kim@becklawcenter.com

Shehnaz M. Bhujwala, CA State Bar No. 223484
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:    (818) 340-5400; Fax:   (818) 340-5401

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE RAMOS, an individual, | Case No. 1:22-cv-00430-DAD-EPG |
| Plaintiff, | **NOTICE OF ADDITIONAL RELATED CIVIL CASES** |
| v. | |
| MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP. a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, | The Hon. Dale A. Drozd |
| Defendants. | |
| LAURA WYLIE, an individual, | |
| Plaintiff, | Case No. 2:22-cv-00604-DAD-EPG |
| v. | The Hon. Dale A. Drozd |
| MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, | |
| Defendants. | |

| | | |
|---|---|---|
| 1 | LYNETTE EDWARDS, an individual, and MELISSA ROYSTON, an individual, | Case No. 1:22-cv-00433-DAD-EPG |
| 2 | Plaintiffs, | The Hon. Dale A. Drozd |
| 3 | v. | |
| 4 | | |
| 5 | MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP. a New Jersey Corporation; | |
| 6 | ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited | |
| 7 | Liability Company; and DOES 1-10, Inclusive, | |
| 8 | Defendants. | |
| 9 | | |
| 10 | AMBER HOBBS, an individual, | Case No. 2:22-cv-00662-DAD-EPG |
| 11 | Plaintiff, | The Hon. Dale A. Drozd |
| 12 | v. | |
| 13 | MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME | |
| 14 | CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; | |
| 15 | ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, | |
| 16 | Inclusive, | |
| 17 | Defendants. | |
| 18 | SHERRY WALLACE, an individual, | Case No. 1:22-cv-00607-JLT-SAB |
| 19 | Plaintiff, | The Hon. Jennifer L. Thurston |
| 20 | v. | |
| 21 | MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME | |
| 22 | CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; | |
| 23 | ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, | |
| 24 | Inclusive, | |
| 25 | Defendants. | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | KAROLINA CHRISTENSEN, an individual, | Case No. 2:22-cv-00868-KJM-JDP |
| 2 | Plaintiff, | The Hon. Kimberly J. Mueller |
| 3 | v. | |
| 4 | MERCK & CO., INC., a New Jersey Corporation; MERCK SHARP & DOHME CORP., a New Jersey Corporation; ORGANON & CO., a Delaware Corporation; ORGANON LLC, a Delaware Limited Liability Company; and DOES 1-10, Inclusive, | |
| 8 | Defendants. | |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD HEREIN:

By order dated April 22, 2022, the Court ordered the following three cases related to *Ramos v. Merck & Co., Inc*., et al., 1:22-cv-00430-DAD-EPG pursuant to Local Rule 123(a) and reassigned the cases to the Honorable District Judge Dale A. Drozd and Magistrate Judge Erica P. Grosjean: (1) *Wylie v. Merck & Co., Inc., et al*., E.D. Cal. Case No. 2:22-cv-00604-DAD-EPG; (2) *Hobbs v. Merck & Co., Inc. et al*., E.D. Cal. Case No. 2:22-cv-00662-DAD-EPG;  and (3) *Edwards, et al. v. Merck & Co., Inc., et al*., E.D. Cal. Case No. 1:22-cv-00433-DAD-EPG. (*See, e.g., Edwards* ECF No. 9.)

Notice is hereby given by Plaintiffs in the above-captioned cases, by and through the undersigned counsel, of the following <u>two additional</u> related civil cases pursuant to Federal Rule of Civil Procedure 83 and Eastern District of California Local Rule 123: (1) *Wallace v. Merck & Co., Inc., et al.,* E.D. Cal. Case No. 1:22-cv-00607-JLT-SAB (removed May 20, 2022); and (2) *Christensen v. Merck & Co., Inc., et al.*, E.D. Cal. Case No. 2:22-cv-00868-KJM-JDP (also removed May 20, 2022).

**I.  THESE CASES INVOLVE THE SAME DEFENDANTS AND ALLEGE THE SAME OR SIMILAR CLAIMS.**

The Plaintiffs' civil complaints for damages all allege the same six causes of action against the same four Defendants, arising from Plaintiffs' use of a prescription pharmaceutical medication, Singulair (with active ingredient motelukast): (1) Strict Liability – Design Defect; (2) Strict Liability – Failure to Warn; (3) Negligence; (4) Negligent Misrepresentation; (5) Breach of Express Warranty; and (6) Breach of Implied Warranty. Plaintiffs in the six related cases are represented by the same co-counsel. All six complaints were recently filed in California state courts and removed to federal court by Defendants, who are also represented by the same counsel of record (Venable LLP and King & Spalding LLP). The Court already determined that *Ramos, Wylie*, *Hobbs,* and *Edwards* cases are related within the meaning of Local Rule 123(a)(1). So, too, should the Court determine that the *Wallace* case and *Christensen* case are related because these cases involve the same defendants and are based on the same or similar claims.

## II. THE CASES INVOLVE SIMILAR QUESTIONS OF FACT AND THE SAME QUESTIONS OF LAW, SUCH THAT ASSIGNMENT TO ONE JUDICIAL OFFICER WILL SERVE JUDICIAL ECONOMY AND AVOID DISPARATE RULINGS AND RESULTS.

The six cases are related within the meaning of Local Rule 123(a)(3), because the cases will call for determination of similar questions of fact and the same questions of law. The cases will involve common factual issues including knowledge of adverse neuropsychiatric events and the FDA's issuance of a requirement on March 4, 2020 to provide a "blackbox" warning on the drug label regarding neuropsychiatric events, and a new medication guide. Moreover, counsel for Defendants have filed motions to dismiss challenging personal jurisdiction in the four cases already deemed related, which Plaintiffs have opposed, and will likely do so again in the *Wallace* and *Christensen* cases. Defendants will likely assert other same or similar defenses to the cases. As such, Plaintiffs contend these cases will present the same or substantially similar questions of law and fact.

Moreover, because the cases involve similar questions of fact and the same questions of law, assignment of the cases to the same judicial officer would not only serve the interests of judicial economy, but would avoid potentially disparate rulings and results across similar cases, within the meaning of Local Rule 123(a)(3). Doing so would also avoid inconsistent rulings on forthcoming motions to dismiss and other motions practice.

## III. IF HEARD BY DIFFERENT JUDICIAL OFFICERS, THE CASES MAY INVOLVE SUBSTANTIAL DUPLICATION OF LABOR FOR OTHER REASONS.

Presently, the four cases previously ordered related are pending before District Judge Drozd and Magistrate Judge Grosjean. The recently removed *Wallace* case is currently assigned to District Judge Thurston and Magistrate Judge Stanley A. Boone. The recently removed *Christensen* case is currently assigned to Chief District Judge Kimberly J. Mueller and Magistrate Judge Jeremy D. Peterson. Assignment of the six related cases to different judicial officers would likely entail substantial duplication of labor, within the meaning of Local Rule 123(a)(4), because the legal and factual issues overlap across the cases. There will likely be similar discovery, discovery issues, and motions practice on the same or substantially similar issues. Moreover, instead of holding six separate case management conferences or discovery conferences, one

conference could be held across the six cases before one judicial officer, thereby alleviating unnecessary burdens on the Court and its staff in case management and resolution of discovery disputes. Therefore, the two newly-removed, related cases, *Wallace* and *Christensen* should be re-assigned to District Judge Drozd and Magistrate Judge Grosjean.

## IV.  CONCLUSION

For these reasons, the *Wallace* and *Christensen* cases should be deemed related to *Ramos, Wylie*, *Hobbs,* and *Edwards*, and reassigned to District Judge Drozd and Magistrate Judge Grosjean pursuant to Local Rule 123.

DATED:  May 24, 2022                    BOUCHER LLP


                                        By:     /s/ Shehnaz M. Bhujwala
                                                SHEHNAZ M. BHUJWALA
                                                *Attorneys for Plaintiffs*